AO245D (Rev. 01/07) Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For **Revocation** of Probation or Supervised Release) |
| BRANDON JAMES QUILLEN | Case Number: 8:05-CR-145-T-27TGW |
| | USM Number: 42817-018 |
| | Howard Anderson AFPD |
| | Defendant's Attorney |

**THE DEFENDANT:**

__X__ admitted guilt to violation of charge numbers __1, 2, 3, and 5__ of the Superseding Petition for Violation of Supervised Release.

| Violation Charge Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to Report | August 25, 2008 |
| 2 | Failure to follow the instructions of the probation officer | July 18, 2008 |
| 3 | Failure to work regularly at a lawful occupation | March, 2008 |
| 4 | Failure to resolve all traffic tickets | September 4, 2008 |
| 5 | Failure to submit his written monthly report | September 5, 2008 |

__X__ Court finds there is not sufficient evidence to prove charge number __4__ of the Superseding Petition for Violation of Supervised Release and defendant is discharged as to such violation charge.

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: October 9, 2008

_____
JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

DATE: October __10th__, 2008

AO 245D  (Rev. 01/07) Judgment in a Criminal Case for Revocation
    Sheet 2 - Imprisonment

DEFENDANT: BRANDON JAMES QUILLEN         Judgment - Page __2__ of __4__
CASE NUMBER: 8:05-CR-145-T-27TGW

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of: **SIX (6) MONTHS. The defendant shall receive credit for all time served.**

____ The Court makes the following recommendations to the Bureau of Prisons:

__X__ The defendant is remanded to the custody of the United States Marshal.

____ The defendant shall surrender to the United States Marshal for this district:

     ____ at _____ a.m.  p.m. on _____.

     ____ as notified by the United States Marshal.

____ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ____ before 2 p.m. on _____.

     ____ as notified by the United States Marshal.

     ____ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____ at

_____ with a certified copy of this judgment.



UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: BRANDON JAMES QUILLEN                                         Judgment - Page 3 of 4
Case No.:  8:05-CR-145-T-27TGW

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **EIGHTEEN (18) MONTHS**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year.

- The mandatory drug testing provisions of the Violent Crime Control Act are waived. However, the court authorizes the Probation Office to conduct random drug testing not to exceed 104 tests per year.

- The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

- The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | | |
|---|---|---|
| Defendant: | BRANDON JAMES QUILLEN | Judgment - Page 4 of 4 |
| Case No.: | 8:05-CR-145-T-27TGW | |

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall provide 125 hours of community service, which may be substituted for gainful employment.

2. The defendant shall continue restitution payments until paid in full. While in Bureau of Prisons custody, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job, or (2) pay at least 50% of his monthly earnings if the defendant has a Unicor job. Upon release from custody, the defendant shall pay restitution at the rate of $200.00 per month.

3. The defendant shall find and secure employment within ten days from his release from prison.

4. The defendant shall contact his probation officer daily and advise him of all job seeking efforts.

5. The defendant shall pay all traffic tickets within 60 days of his release from prison, and provide his probation officer documentation of the exact amount owed and paid for traffic violations.

6. The defendant is prohibited from engaging in any employment related to computer entry or having access to any employer's protected computer system. He shall not have access to any Internet service except as necessary for educational purposes and approved in advance by the probation officer. Defendant shall execute a confidentiality waiver to allow probation access to any such computer if he is permitted access to the Internet.

7. The defendant shall comply with all directives from the probation officer.

8. The defendant shall be evaluated for mental health treatment, and comply with the probation officers directive.

9. The defendant shall comply with all previously imposed special conditions of Supervised Release.